UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **KELLY ANN WAITS,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 12-J-2371-NE |
| **MICHAEL J. ASTRUE,**<br>**Commissioner of the Social**<br>**Security Administration**, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying her Disability Insurance Benefits  The case is now properly before the court.  *See* 42 U.S.C. § 405(g).

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 41 years old and had earned a G.E.D  (R. 55). She also had cosmetology courses, but did not complete the program (R. 69).  The plaintiff alleges an inability to work due to back pain, degenerative disc disease, leg pain, hip pain and bilateral carpal tunnel syndrome (R. 166).  She alleges back pain which radiates into her hip, leg and knee, for which she is prescribed methadone, Percocet, Ambien and Xanax (R. 62-63).  The medications cause her to be sleepy, and Xanax makes her slur (R. 62). She alleges her pain averages between 6 and 8, but with medication it is 4 to 6 (R. 66).  The plaintiff stated she did a very limited range of housework (R. 67).

According to the plaintiff, she is unable to work because of the number of days she is absent due to pain (R. 73).  She believes she could lift ten pounds, but not 20 (R. 73-74).

She has trouble standing in one spot and has to move around, can walk for 10 to 15 minutes before she has to sit down, and can sit for 30 minutes to an hour before she needs to get up (R. 74-75). She has problems gripping objects due to numbness in her fingers (R. 76). Since 2005, the plaintiff has attempted eight different jobs but was unable to do any of them for more than a month or two (R. 81-82).

According to the Vocational Expert (VE), the plaintiff's past work ranged from medium to sedentary and semi-skilled to unskilled (R. 84-86). The VE testified that the only transferrable skills the plaintiff had were clerical in nature. Asked if a person of the plaintiff's age, education and work experience, who was limited to light work, with mild restrictions in concentration, persistence and pace, and other areas of functioning, could perform the plaintiff's past work, the ALJ stated that work as a sales clerk, loan clerk and cashier would be available (R. 86-87). Other unskilled jobs such as assembler, cleaner/polisher, and buffing machine tender would also be available (R. 87-88). When the limitations claimed by plaintiff were considered by the VE as well, the VE stated there would be no work available (R. 88-89).

The ALJ found that the plaintiff's only severe impairment was "disorders of the back" (R. 32), but that the same was not an impairment listed in, or medically equal to, any of those listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 33). The ALJ determined that the plaintiff could not return to past relevant work, but could perform other jobs which exist in significant numbers in the national economy, mandating a finding of not disabled (R. 36).

This court's role under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as

a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

The plaintiff asserts that the ALJ failed to give appropriate weight to the opinion of Dr. Aggarwal as plaintiff's treating physician and further failed to obtain a consultative examination.  Plaintiff memorandum (doc. 9) at 7-10.  The court also notes that the ALJ did not consider the plaintiff's complaints of pain under the Eleventh Circuit pain standard, did not mention the plaintiff's diagnosis of bilateral carpal tunnel syndrome, and failed to find any limitation or even impairment based on mental status.

The ALJ found:

> In terms of the claimant's alleged disorders of the back, there is very little medical treatment in the this file.  The majority of the treatment records are pain management records. While Dr. Aggarwal provided a disabling opinion, his treatment records reflect that the claimant is doing well with pain medications and is happy with her results.  Furthermore, she reports no side effects from this medication.  While the claimant has some limitation due to pain, she is only mildly restricted.  Her neck has improved and she is making acceptable progress.  The treating physician reports that her motor strength is 5/5 bilaterally.  She does walk with a slow gait but otherwise she has no more than mild restrictions or limitations associated with her back disorders and pain.

3

> As for the opinion evidence, the undersigned has considered the opinion of the treating physician, Dr. Aggarwal. Although Dr. Aggarwal has a (sic) treated the claimant, the undersigned finds his opinion inconsistent with the record as a whole and furthermore that this opinion is inconsistent with his own reports and treatment of the claimant, which renders this opinion less persuasive. The undersigned finds substantial evidence inconsistent with the assessment of Dr. Aggarwal. There is no physical assessment performed by a state agency physician. The undersigned has considered the state agency physician's mental assessment. This opinion is consistent with that determined in this decision and is weighed as a statement from a non-examining expert source.

(R. 34-35).

Despite the ALJ's pronouncement that he finds "substantial evidence inconsistent with the assessment of Dr. Aggarwal," the court finds no other medical records from the time period during which the plaintiff has been treated by Dr. Aggarwal. The medical records in the file reflect that in April 2009 the plaintiff was seen for bilateral hand pain, tingling numbness and weakness, left leg pain, tingling and weakness and left foot pain, tingling and weakness (R. 329). Her past history of back surgeries was noted, as were the current x-rays showing moderate degenerative disc disease in her cervical lumbar spine with multi-level spondylosis and stenosis (R. 329-330). The plaintiff was then referred to Dr. Aggarwal for pain management (R. 335). At the time, her pain was reflected as a 7 out of 10 currently becoming a 9 out of 10 at its worst (R. 335). Upon examination, Dr. Aggarwal noted moderate tenderness in the paraspinal muscles and a 25% limitation in range of motion (R. 336). She was diagnosed with chronic low back pain due to arthritis and failed back syndrome as well as carpal tunnel syndrome (R. 337). The court finds no records which contradict Dr. Aggarwal's findings, and no records which suggest any treatment other than pain management has been recommended or is available to the plaintiff.

In support of medical records and allegations that the plaintiff has bilateral hand pain, numbness and weakness are records of a nerve conduction study in July 2002 which found carpal tunnel syndrome bilaterally, worse on the right (R. 298-300). Further nerve conduction studies in April 2009 found nonspecific sensory neuropathy and a possible median neuropathy in the right wrist (R. 315). Dr. Michael Dick noted the plaintiff's findings were consistent with carpal tunnel, lumbar radiculopathy, foot drop and nerve root compression (R. 320). Despite the objective medical evidence of carpal tunnel syndrome, the ALJ included no limitations on the plaintiff's use of her hands in his hypothetical questions to the VE.

In support of plaintiff's complaints of back pain and Dr. Aggarwal's treatment of the same with narcotic pain medication, a series of x-ray on April 3, 2009, found disc space narrowing at C6-7 and L3-4, L4-5, and L5-S1 suspicious for degenerative disc disease (R. 330). On May 28, 2009, Dr. Aggarwal noted that the plaintiff rated her pain as a 7 out of 10, which increased to a 9 out of 10 (R. 335). The plaintiff related that her pain was made worse by coughing, bending, lifting, sitting and standing for prolonged periods, and eased by rest and medication (R. 335). Dr. Aggarwal found moderate tenderness in the plaintiff's paraspinal muscles and her range of motion limited by 25% (R. 336). He noted her motor strength was normal but sensation was diminished and that she walked with a slow gait (R. 336). Thus, he formed the diagnoses stated above and prescribed Methadone and Percocet for breakthrough pain, as well as Ambien and Xanax for help sleeping and for anxiety (R. 337). The June 2009 record from Dr. Aggarwal reflects that the plaintiff was receiving benefit from the medications, but still had breakthrough pain (R. 360). In July 2009, November 2009, and February 2010, Dr. Aggarwal noted that the plaintiff had good

days and bad days, but was benefitting from the medication without side effects, and listed plaintiff's diagnosis as chronic pain syndrome (R. 357-359).

In July 2010 Dr. Aggarwal opined by letter that the plaintiff suffers from chronic low back pain from arthritis and disc disease, and failed back syndrome with a history of two prior back surgeries (R. 364). In his opinion, the plaintiff should lift no more than 10 pounds on an occasional basis, should not climb ladders or work at unprotected heights, and in his opinion she could not work, due to chronic severe pain. *Id.* Despite this limitation against lifting more than ten pounds occasionally, the ALJ ignored the same in his hypothetical questions to the VE and in fact adopted a functional capacity for the plaintiff which greatly exceeded this limitation.

Having considered the medical records, the court finds that the ALJ should have applied the Eleventh Circuit pain standard in assessing the plaintiff's credibility. That standard requires the ALJ to consider whether there is "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir.2002). Here, there is evidence of an underlying medical condition, objectively determined, that "can reasonably be expected to give rise to the claimed pain."

Compounding the error, no medical opinion supports the limitations adopted by the ALJ. No medical opinion regarding the plaintiff's ability to perform work, other than the very limiting opinion of Dr. Aggarwal, appears anywhere in the record before this court. The ALJ gives little weight to the Dr. Aggarwal's opinion as it is "inconsistent with the record as

a whole," but fails to identify any contradiction in the medical records or within Dr. Aggarwal's own records (R. 35).

For reasons wholly unexplained by the ALJ, he determined that the plaintiff could perform none of her past work, which was within the limitations he set forth, but found other light level jobs the plaintiff could perform. As stated above, after rejecting the opinion of Dr. Aggarwal, and noting no other such opinions were in the record, the ALJ then found the plaintiff could do a limited range of light work. However, the hypotheticals posed to the VE failed to take medically confirmed limitations of the plaintiff into account. Although a consultative examination including opinions regarding the plaintiff's limitations would have been of great help given the record in this case, none was obtained.

The ALJ always has an affirmative duty to develop a fair, full record. *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997). In some cases, this duty extends to obtaining a consultative examination when the same would be of benefit in the administrative process. *See e.g.*, 20 C.F.R. §§ 404.1517; 416.917. The failure of an ALJ to order a consultative examination, when such an evaluation is necessary to make an informed decision, constitutes justifiable cause for a remand to the Commissioner. *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir.1984).

In spite of having no consultative examination upon which to rely, the ALJ also rejected the opinions of the plaintiff's treating physician. Under Eleventh Circuit precedent, the ALJ must provide "good cause" for rejecting a treating physician's medical opinions. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997); *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir.2011) (Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight."); see also

20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2).  In order to disregard a treating physician's opinion, the ALJ "must clearly articulate [the] reasons" for doing so.  *Winschel,* 631 F.3d 1176 at 1179.  A statement that the ALJ carefully considered all the testimony and exhibits is not sufficient.  Because the ALJ gave little weight to the only medical opinion in the record, the court finds a remand is necessary for the ALJ to explicitly consider, and explain the weight accorded to, that opinion. *See e.g., Winschel*, 631 F.3d at 1179.

    After applying the "pick and choose" method to determine plaintiff's "severe" ailments, the ALJ seemingly crafted limitations to the VE in his hypothetical out of thin air.  While some of the given limitations may be grounded on a finding that the plaintiff is limited in her ability to perform work related activities due to her back, the ALJ's complete lack of recognition of other limitations undermines any basis for the hypotheticals so posed to the VE.  For example, the ALJ ignored the plaintiff's complaints of disabling pain, ignored the diagnostic testing which confirmed bilateral carpal tunnel syndrome, and ignored repeated references in the medical records to anxiety and depression.  Thus, the hypothetical did not reflect all of the plaintiff's limitations as required*.  See e.g., Smith v. Social Security Admin*., 272 Fed.Appx.789, 800 (11th Cir.2008), citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir.1999) ("to constitute substantial evidence, the VE's testimony must be based on a hypothetical posed by an ALJ which encompasses all of the claimant's impairments"); *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002).  Therefore, the ALJ's finding, based on the VE's testimony, that there were jobs the plaintiff could perform, is not supported by substantial evidence because the hypothetical was incomplete.  *See Jones v. Apfel*, 190 F.3d at 1229, cert. denied, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644

(2000) ("the VE's task, therefore, is to determine whether there are jobs in the region which the claimant can perform with her precise disabilities or limitations").

The plaintiff seeks to have this court either award benefits or remand to require consideration of new evidence. A court may reverse for an award of benefits in two narrow circumstances: 1) where the Commissioner has already considered all the essential evidence and the cumulative effect of the evidence establishes disability without any doubt; and 2) where a claimant has suffered an injustice. See *Davis*, 985 F.2d at 534; *Walden*, 672 F.2d at 839. Based on the record and the ALJ's decision, the court finds the proper remedy is a remand to the ALJ for further proceedings. Specifically, the court is of the opinion that the plaintiff should be afforded a new hearing, including VE testimony to include relevant hypotheticals comprised of plaintiff's impairments, further consideration of the evidence, proper application of the law, and further development of the record, including a consultative examination should the plaintiff's physical limitations remain in question upon remand.

Based on the above stated reasons, it is **ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Agency for further action consistent with this opinion, as set forth herein.

Done, this 20th of February, 2013.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE